UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SOPHIA IRON HORN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CHANCE CASINO,<br><br>　　　　　Defendant. | CIV. 15-5093-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS*, DISMISSING CASE, AND DENYING MOTION TO APPOINT COUNSEL |

　　　On December 30, 2015, plaintiff Sophia Iron Horn filed a complaint against defendant.  (Docket 1).  Ms. Iron Horn moves for leave to proceed *in forma pauperis*.  (Docket 4).  She also moves the court to appoint counsel.  (Docket 5).  For the reasons discussed below, Ms. Iron Horn's motion to proceed *in forma pauperis* is granted, her complaint is dismissed, and her motion to appoint counsel is denied as moot.

　　　A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating she is unable to pay the costs of the lawsuit.  28 U.S.C. § 1915.  Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion.  Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).  "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution."  Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).  This court finds that Ms. Iron Horn is indigent and grants her motion to proceed *in forma pauperis*.

Because Ms. Iron Horn is proceeding *pro se,* her pleading must be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

"[F]ederal courts are courts of limited jurisdiction . . . ."  United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010).  "[A] court may not proceed at all in a case unless it has jurisdiction."  Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).  "[F]ederal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*."  Id. at 764, n.2 (citing Andrus v. Charlestone Stone Products Co., 436 U.S. 604, 608 n.6 (1978)).

Federal courts have subject matter jurisdiction through federal question jurisdiction or diversity jurisdiction.  Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

Ms. Iron Horn's complaint does not allege grounds for jurisdiction.  She does not allege her claim arises under the Constitution or federal law, and the court does not construe her claim as doing so.  Her complaint asserts a personal injury claim.  (Docket 1).  Ms. Iron Horn and defendant are both citizens of the State of South Dakota.  Id. at 1.  Therefore, neither diversity nor federal question jurisdiction applies.  Ms. Iron Horn may choose to file her case in the

Seventh Judicial Circuit Court for Pennington County, South Dakota. This court does not have jurisdiction over Ms. Iron Horn's complaint. Accordingly, it is

ORDERED that Ms. Iron Horn's motion for leave to proceed *in forma pauperis* (Docket 4) is granted.

IT IS FURTHER ORDERED that Ms. Iron Horn's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Ms. Iron Horn's motion to appoint counsel (Docket 5) is denied as moot.

Dated January 6, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE